# UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,

          *Plaintiff-Appellee,*

v.

HEZEKIAH BERNARD DRAYTON, a/k/a
Little B,

          *Defendant-Appellant.*

No. 02-4258

Appeal from the United States District Court
for the District of South Carolina, at Charleston.
Patrick Michael Duffy, District Judge.
(CR-91-288)

Submitted: December 20, 2002

Decided: January 27, 2003

Before LUTTIG, TRAXLER, and KING, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

## COUNSEL

David G. Pagliarini, HINCHEY, MURRAY & PAGLIARINI, L.L.C.,
Charleston, South Carolina, for Appellant. Regan Alexandra Pendle-
ton, Assistant United States Attorney, Greenville, South Carolina, for
Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

## OPINION

PER CURIAM:

Hezekiah Bernard Drayton pled guilty to conspiracy to possess with intent to distribute heroin, in violation of 21 U.S.C. § 846 (2000), and was sentenced to forty-eight months' imprisonment to be followed by a term of forty-eight months' supervised release. Drayton was released on January 17, 1997. While on supervised release, Drayton was arrested on federal charges arising out of an armed robbery, was convicted of criminal domestic violence, tested positive for morphine, and failed to notify the probation officer within seventy-two hours of his arrest for a criminal offense.

The district court found the conduct surrounding the armed robbery constituted a Grade A violation, revoked Drayton's supervised release and sentenced him to twenty-four months' imprisonment.

Counsel submitted a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967), arguing the district court erred in revoking Drayton's supervised release, but stating that, in his view, there were no meritorious issues. Drayton submitted a pro se brief alleging his sentence should be void because of time previously served and that the probation officer violated the Sentencing Guidelines by not promptly reporting the violation.

Drayton argues the district court erred by finding he violated his supervised release by engaging in criminal conduct. We have reviewed the record and find the district court did not abuse its discretion in determining Drayton committed a Grade A violation and in revoking Drayton's supervised release. *United States v. Davis*, 53 F.3d 638, 642 (4th Cir. 1995).

In his pro se supplemental brief, Drayton argues his sentence should be "null and void" because of time previously served. This

allegation is not cognizable in this proceeding. *See, e.g.*, *United States v. Wilson*, 503 U.S. 329, 334 (1992). Further, we reject Drayton's claim the probation officer violated the Sentencing Guidelines by not promptly reporting the alleged violation. *See Davis*, 53 F.3d at 642-43 (finding Chapter Seven policy statements are only advisory guidelines).

As required by *Anders*, we have examined the entire record and find no meritorious issues for appeal. Accordingly, we affirm. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*